UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jay Paul Olson, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.                                                                          Civil No. 09-790 (JNE/JJG)
                                                                                                         ORDER

Joel Brott, Bruce M. Anderson,
Patrick Carr, Angela Knutson, in
their individual capacities, and
Sherburne County,

        Defendants.

---

Robert Bennett, Esq., and Ryan O. Vettleson, Esq., Flynn, Gaskins & Bennett, LLP, appeared for Plaintiff Jay Paul Olson.

William J. Everett, Esq., Everett Law, LLC, appeared for Defendants Joel Brott, Bruce M. Anderson, Patrick Carr, Angela Knutson, and Sherburne County.

---

Plaintiff Jay Paul Olson's motion to amend his complaint in an earlier action to add due process claims arising from the medical furlough policy at the Sherburne County Jail (Jail) was denied as untimely. Shortly thereafter, he brought this putative class action asserting materially similar due process claims. The Complaint asserts these claims against Sherburne County (County) as well as Joel Brott, the current sheriff of Sherburne County; Bruce M. Anderson, the sheriff of Sherburne County from 1995 until January 2009; Patrick Carr, the current commander at the Jail who was Jail administrator from 1995 to 2004; and Angela Knutson, the current Jail administrator (collectively, Individual Defendants). The case is before the Court on Defendants' separate motions to dismiss and for sanctions. For the reasons discussed below, the Court grants Defendants' motion to dismiss but denies their motion for sanctions.

1

# I. BACKGROUND

Plaintiff was transferred by ambulance to a hospital after suffering a severe asthma attack while incarcerated at the Sherburne County Jail on April 25, 2006. He remained in the hospital until his discharge on May 1, 2006. During this time, Plaintiff was involuntarily furloughed pursuant to an allegedly longstanding but unwritten County policy. As a result, Plaintiff received no credit toward his sentence during his hospitalization and the County has refused to pay his medical bills. *See* Minn. Stat. § 641.15, subdivs. 1 and 2 (2009) (requiring county to pay for medical care "provided to prisoners held in a county jail or workhouse" subject to "reimbursement from the prisoner . . . to the extent that the prisoner to whom the medical aid was provided has the ability to pay the bills").

On December 4, 2007, Plaintiff brought an action against the County and several of the Jail staff—including Knutson—based upon the staff's conduct in the days before and at the time of Plaintiff's April 25 asthma attack (*Olson I*). The original complaint in *Olson I* alleged various direct, supervisory, and municipal liability claims under 42 U.S.C. § 1983 (2006) and a claim for negligence. All of the claims arose out of the alleged deliberate indifference exhibited by the Jail staff toward Plaintiff's serious medical needs and the County's policies or customs that allegedly caused the constitutional violations. On December 3, 2008, six months after the expiration of the deadline to file a motion to amend, Plaintiff filed a motion to amend the complaint to assert procedural due process claims arising from the Jail's medical furlough policy against all of the defendants and to add Carr as a defendant. Plaintiff also sought to add deliberate indifference claims against certain medical personnel. The magistrate judge granted Plaintiff's motion to add the medical personnel but denied the remainder because Plaintiff "was aware of the facts underlying the procedural due process claim well before the expiration of the June 2008 deadline, and thus was not diligent in waiting until now to ask to bring it," and Plaintiff's "sole

basis for adding Carr is his allegation that Carr is the source of the jail's medical furlough policy." The Court affirmed the magistrate judge's order on January 28, 2009, finding that it was "neither 'clearly erroneous' nor 'contrary to law.'" On June 22, 2009, the Court granted summary judgment in favor of the Jail staff and dismissed with prejudice Plaintiff's claims against them. The Court also granted summary judgment in favor of the County to the extent Plaintiff's claims were based on the conduct of the Jail staff. On November 3, 2009, the Court granted in part and denied in part the medical personnel's motion for summary judgment. The Court also granted the County's motion for summary judgment and dismissed with prejudice the remainder of Plaintiff's claims against it. *Olson I* remains pending and final judgment has not been entered. *See* Fed. R. Civ. P. 54(b).

Meanwhile, Plaintiff filed this putative class action on April 8, 2009. The Complaint asserts direct and supervisory procedural due process claims against the Individual Defendants and a municipal liability claim against the County pursuant to § 1983. These claims are nearly identical to the procedural due process claims in Plaintiff's proposed amended complaint in *Olson I*. Defendants moved to dismiss this action, arguing that Plaintiff's claims are precluded, or alternatively, that he has failed to state a claim against any of the Defendants. Defendants also separately moved for sanctions against Plaintiff and his attorneys, arguing that this action is frivolous in light of existing law in the Eighth Circuit as to the preclusive effect of the denial of a motion to amend a complaint.

## II. DISCUSSION

### A. Res judicata

"The preclusion principle of res judicata prevents the relitigation of a claim on grounds that were raised or could have been raised in [a] prior suit." *Banks v. Int'l Union Elec., Elec., Tech., Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quotation marks

3

omitted). A claim is barred by res judicata if: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or cause of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (quotation marks omitted). Defendants contend that all of these elements are present. The Court agrees.[1]

    *1.    Final judgment on the merits*

Plaintiff first argues that no final judgment on the merits exists because judgment has not been entered in *Olson I* and the denial of his motion to amend the complaint was not on the merits. The Eighth Circuit in *Professional Management Associates, Inc. v. KPMG LLP* stated unequivocally that "[t]he denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action" even if that denial was "based on reasons other than the merits, such as timeliness." 345 F.3d 1030, 1032-33 (8th Cir. 2003) (per curiam) (citations omitted). Rejecting an argument identical to Plaintiff's, the court in *Crystal Import Corp. v. AVID Identification Systems, Inc.*, found the fact that the earlier lawsuit had not reached judgment to be "irrelevant" in light of *Professional Management*'s unambiguous holding. 582 F. Supp. 2d 1166, 1170 n.4 (D. Minn. 2008). The *Crystal Import* court also held that the denial of a motion to amend as untimely was a final judgment on the merits. *Id.* at 1170. To maintain intradistrict consistency and adhere to the express language of Eighth Circuit precedent, the Court follows *Crystal Import*. Therefore, the Court determines that the denial of

---

[1] At the hearing on this motion, the Court indicated that it would not dismiss this action based on res judicata. After further reflection, however, the Court determines that Eighth Circuit precedent regarding the preclusive effect of the denial of a motion to amend a complaint compels dismissal.

4

Plaintiff's motion to amend the complaint to add procedural due process claims in *Olson I* was a final judgment on the merits of those claims.

 2. *Jurisdiction*

Plaintiff next maintains that if the denial of his motion to amend in *Olson I* constituted a judgment on the merits, his motion was dispositive and the magistrate judge lacked jurisdiction to issue an order subject to a "clearly erroneous" or "contrary to law" standard of review. *See* 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 72; *see also First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) ("Federal magistrate judges are creatures of statute, and so is their jurisdiction." (quotation marks omitted)). The Court recognizes that granting judgment-on-the-merits status to the denial of a motion to amend on timeliness grounds greatly expands the effect of a magistrate judge's ruling. Nevertheless, the magistrate judge's denial of Plaintiff's motion as untimely did not dispose of any claims in *Olson I* and is properly characterized as nondispositive. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (referring to magistrate judge's denial of motion to amend the complaint as an "order denying [a] nondispositive pretrial motion"); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (finding a motion to amend to be nondispositive because it "did not dispose of the lawsuit or a claim"); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993). The magistrate judge thus had jurisdiction to issue the order denying Plaintiff's motion and the Court properly reviewed that order pursuant to a deferential standard of review. Consequently, this element of the res judicata inquiry is satisfied.

 3. *Same parties*

Plaintiff further contends that this action does not involve the same parties or privies as *Olson I*. If a later action does not assert claims against the same parties as an earlier action, res judicata will still preclude relitigation of claims against parties that are in privity with the parties

5

to the earlier action. *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987). Privity exists if the parties "have a close relationship, bordering on near identity." *Daley*, 415 F.3d at 897 (quotation marks omitted). Government officials sued in their individual capacities in a later action are not necessarily in privity with the government entity in an earlier action even if that action was based on the same facts as the later action. *See Headley*, 828 F.2d at 1275-79. To determine whether privity exists, a court "focus[es] not on the nature of [the parties'] relationship in general, but on the identity of their interests in [the earlier action]." *Daley*, 415 F.3d at 897 (citing *Headley*, 828 F.2d at 1277). Because the denial of a motion to amend is a judgment on the merits of the proposed amended complaint, a court examines that complaint to determine whether a subsequent action involves the same parties or privies. *Cf. Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 682-83 (8th Cir. 1997) (relying on proposed amended complaint to determine whether first and second actions involved the same claims). *But see Daley*, 415 F.3d at 896-97 (relying on parties in original complaint to assess privity).

The proposed amended complaint in *Olson I* asserted claims against the County, Knutson, and Carr. Thus, this element is satisfied as to those parties. The only issue is whether Brott and Anderson are in privity with Knutson and Carr. Clearly, the parties share an interest in establishing that the furlough policy was constitutional and that their actions implementing that policy were constitutional. This alone does not establish privity. *See Headley*, 828 F.2d at 1277 n.4 ("Privity does not exist merely because parties happen to be interested in the same question, or in proving or disproving the same state of facts."). In Minnesota, however, a sheriff is legally responsible for the acts of his "deputies and other employees." Minn. Stat. § 387.14 (2009). As a result of this legal relationship, the Court determines that Brott, Anderson, Knutson, and Carr have the requisite identity of interest to establish privity. *Cf. Hann v. Carson*, 462 F. Supp. 854,

862 (M.D. Fla. 1978) (finding deputy in privity with sheriff where state law held sheriff liable for deputies' actions). Accordingly, *Olson I* and this action involve the same parties.

   4.   *Same claims*

Finally, Plaintiff argues that the claims in *Olson I* do not share a common nucleus of operative facts with the claims in this case. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir. 1982) (adopting common-nucleus-of-operative-facts test to determine whether claims are the same). Plaintiff's argument is undercut by the Eighth Circuit's repeated admonition that "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992); *see also Prof'l Mgmt.*, 345 F.3d at 1032; *Landscape Props.*, 127 F.3d at 683. Thus, the Court looks to the proposed amended complaint in the earlier action to determine whether the later action asserts the same claims. *See Landscape Props.*, 127 F.3d at 682-83. *But see Daley*, 415 F.3d at 896 (relying on claims in original complaint in earlier action); *Crystal Import*, 582 F. Supp. 2d at 1170-71 (same). The procedural due process claims in this case are nearly identical to the claims in Plaintiff's proposed amended complaint in *Olson I*. Therefore, the claims are the same for purposes of res judicata, and Plaintiff is precluded from maintaining this action.[2] Accordingly, the Court grants Defendants' motion to dismiss.

---

[2] Plaintiff also argues that res judicata does not preclude his procedural due process claim against the County because Defendants concealed the claim. *See Livingston v. ITT Consumer Fin. Corp.*, 795 F. Supp. 921, 924 (D. Minn. 1992) ("Ordinarily, actual knowledge of the plaintiff of a potential claim is not a requirement for the application of res judicata. An exception to this general principle exists in cases where fraud, concealment, or misrepresentation ha[s] caused the plaintiff to fail to include a claim in a former action."). This argument was rejected in *Olson I*, and the Court rejects it again here. (*See* Kurtz Aff. Ex. A at 4 ("[Plaintiff] knew of the procedural due process claim, regardless of its basis in a County policy versus a practice, before the motion to amend deadline passed.").)

### B. Sanctions[3]

A plaintiff, law firm, or attorney is subject to sanctions for submitting a pleading to a court that does not contain "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11. A court applies an "objective reasonableness" standard to determine whether a pleading was frivolous. *Isakson v. First Nat'l Bank*, 985 F.2d 984, 986 (8th Cir. 1993) (per curiam). Although the dismissal of this action is required by existing Eighth Circuit precedent, the Court denies Defendants' motion for sanctions because Plaintiff makes an objectively reasonable argument for modification or reversal of existing law.[4]

The most recent statement of law by the Eighth Circuit addressing the preclusive effect of the denial of a motion to amend a complaint provides:

> The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. Denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading. This is so even when denial of leave to amend is based on reasons other than the merits, such as timeliness. Thus, the fact that [a] district court denied leave to amend because of [a plaintiff's] noncompliance with procedural rules is irrelevant. The denial is a judgment on the merits of the claims in the proposed amended pleading.

*Prof'l Mgmt.*, 345 F.3d at 1032-33 (quotation marks and citations omitted). This bright-line rule, which grants sweeping preclusive effect to an ostensibly nondispositive pretrial motion, appears not to have been consistently applied in the Eighth Circuit.

---

[3] Because Defendants' motion for sanctions is based on the preclusive effect of *Olson I*, the Court also indicated at the hearing on this motion that it would not impose sanctions. In light of the dismissal of this action on res judicata grounds, however, the Court addresses Defendants' motion for sanctions in detail.

[4] Plaintiff does not expressly argue for the reversal of existing law, but it is implicit in his interpretation of Eighth Circuit precedent and citations to cases in other circuits.

8

For example, the plaintiff in *Daley* brought an action against a self-funded employer sponsored health plan and the third-party plan administrator asserting a state law breach of contract claim and an ERISA breach of fiduciary duty claim. 415 F.3d at 892. After three failed attempts to amend the complaint to add the employer and certain other allegations, the plaintiff filed a separate action against the employer containing substantially the same claims as the proposed amended complaint. *Id.* at 892-93. Over three months later, the district court granted summary judgment in favor of the defendants in the first action. *Id.* at 893. Two weeks after dismissing the first action, the district court dismissed the second action as res judicata. *Id.* In reviewing the district court's dismissal of the second action, the court of appeals, without acknowledging *Professional Management*, engaged in a traditional res judicata analysis and affirmed the district court because the second action involved the same claims as those dismissed by the summary judgment order in the earlier action and because the employer was in privity with the health plan. *Id.* at 895-97. If the court had applied the approach set forth in *Professional Management*, however, such an analysis would have been unnecessary because the relevant claims and parties for res judicata purposes were those in the proposed amended complaint.

Additional cases also reflect an approach inconsistent with the law as stated in *Professional Management*. In *Lundquist v. Rice Memorial Hospital*, 283 F.3d 975, 976 (8th Cir. 2001) (per curiam), the plaintiff brought an employment discrimination action after being placed on administrative leave. The plaintiff's employment was later terminated after the deadline for moving to amend the pleadings had expired. *Id.* The district court denied the plaintiff's motion to amend the complaint to include claims that were based on her termination. *Id.* After summary judgment was entered, the plaintiff filed another employment discrimination action based upon her termination. *Id.* In reversing the district court's dismissal of the second action

9

based on res judicata, the court of appeals focused on the fact that the plaintiff's wrongful termination claims did not exist until after the motion to amend deadline had passed. *Id.* at 977-78. The court, however, also stated that the "core issue here focuses on whether the denial of [the plaintiff's] [m]otion to [a]mend was a final judgment on the merits. As we see it, the merits of [the plaintiff's] wrongful termination claim were never addressed by the district court; thus [her] second lawsuit should not be barred by res judicata." *Id.* at 978.

In *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 370 (8th Cir. 1997), the plaintiff brought a claim under the Employee Retirement Income Security Act (ERISA) and was awarded damages after a bench trial. The court of appeals, however, determined that no ERISA plan existed and reversed for lack of subject matter jurisdiction. *Id.* On remand, the plaintiff moved to amend his complaint to assert a state law breach of contract claim. *Id.* The district court denied the motion and dismissed the action with prejudice. *Id.* The plaintiff later filed a separate federal diversity action asserting the breach of contract claim that he had attempted to assert in the earlier action. *Id.* After dismissal in the district court, the court of appeals rejected the defendant's argument that "a denial of a motion for leave to file an amended complaint has preclusive effect as to claims in the amended complaint." *Id.* at 373. Instead, the court noted that the plaintiff's first complaint was not dismissed on the merits and "decline[d] to contort the district court's denial of [the plaintiff's] proposed amended complaint into a denial on the merits." *Id.*

In addition to this seemingly inconsistent approach to the preclusive effect of the denial of a motion to amend, no other circuit has expressly adopted the Eighth Circuit's approach and it has been distinguished by the Second Circuit. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (citations omitted). *But cf. McKenna v. City of Phila.*, 304 F. App'x 89, 93 (3d Cir. 2008) ("The District Court properly rejected [the plaintiff's] repeated attempts to add new §

10

1983 claims to [the first action] because they were untimely, in effect constituting a ruling on the merits."). In the Second Circuit, the denial of a motion to amend a complaint in an earlier action is considered irrelevant to the res judicata inquiry in a later action unless that dismissal was on the merits of the proposed amended complaint. *See Curtis*, 226 F.3d at 139 ("[D]enial of a motion to amend will not inevitably preclude subsequent litigation of those claims set out in a proposed new complaint. Only denial of leave to amend *on the merits* precludes subsequent litigation of the claims in the proposed amended complaint." (emphasis in original)); *cf. United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) ("The denial of leave to amend based on futility means that the court found that the amended complaint failed to state a claim."). Such an approach seems to satisfy the efficiency and judicial economy rationales for res judicata while promoting fairness and justice. Specifically, if the first action reached judgment before the second action was filed, the second action is subject to a res judicata defense in which the court must determine whether the claims in the second action should have been adjudicated in the first action. *See Integrated Tech. Ltd. v. Biochem Immunosys., (U.S.) Inc.*, 2 F. Supp. 2d 97, 103 (D. Mass. 1998). If judgment has not been entered in the first action, the plaintiff will be limited by the rule prohibiting the pursuit of "multiple federal suits against the same party involving the same controversy at the same time." *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("To determine whether a suit is duplicative, we borrow from the test for claim preclusion."); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002) ("It is clear that a motion to dismiss based on improper claim-splitting need not—indeed, often cannot—wait until the first suit reaches final judgment."); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not

significantly differ between the two actions." (quotation marks omitted)). If, however, the second action does not involve the same party or controversy as the first, the rule against duplicative litigation will not apply and the second action can proceed to a decision on the merits.

Although *Professional Management* makes no distinction between motions to amend that were denied on the merits and those that were denied for procedural reasons, such a distinction seems reasonable in light of the genesis of the Eight Circuit's current jurisprudence. *Landscape Properties* was the first Eighth Circuit case to expressly hold that the denial of a motion to amend a complaint was a final judgment on the merits of the proposed amended complaint. 127 F.3d at 683. To support that proposition, the court relied on two earlier Eighth Circuit cases, *Poe* and *King*. In *Poe*, the plaintiff brought race discrimination and retaliation claims against the defendant based on two federal statutes. 695 F.2d at 1105. The district court granted summary judgment on the claims under one of the statutes and the other claims proceeded to trial. *Id.* After the jury was impaneled, the plaintiff moved for leave to amend her complaint to assert state law claims. *Id.* The court denied the motion, the jury found for the defendant, and judgment was entered. *Id.* In the meantime, the plaintiff had brought a new lawsuit seeking the same relief based upon the same claims she had attempted to amend her complaint to include in the earlier action. *Id.* In affirming the district court's dismissal of the later action, the Eighth Circuit addressed whether the plaintiff's claims in the later action were the same as those in the earlier action. *Id.* at 1105-07. Adopting the common-nucleus-of-operative-fact approach to determine whether later claims are the same as those already adjudicated in an earlier action, the court found that the later action was precluded because it was "nothing more than an attempt to apply different legal labels to the facts of [the earlier action]." *Id.* at 1106-07. *Poe* did not address

whether a final judgment on the merits of the proposed amended complaint had been issued in the earlier action.

Similarly, *King* did not address whether the denial of a motion to amend was a final judgment on the merits. Rather, the court determined that the entry of summary judgment in the earlier action constituted the applicable final judgment on the merits. *King*, 958 F.2d at 222. Moreover, *King* relied on *Carter v. Money Tree Co.*, 532 F.2d 113 (8th Cir. 1976), for the proposition that "[i]t is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading," but failed to note that the motion to amend in the first action in *Carter* was denied on the merits and with prejudice. *King*, 958 F.2d at 222-23. Specifically, the plaintiff in *Carter* sued in Texas federal court to convert a state court default judgment into a federal court judgment enforceable in Minnesota. 532 F.2d at 114. The state court subsequently set aside the default judgment and the federal court dismissed the plaintiff's federal lawsuit. *Id.* The plaintiff moved for reconsideration of the federal court's dismissal and to file an amended complaint asserting claims arising from the state court's decision to vacate the default judgment. *Id.* After the Texas federal court denied the plaintiff's motion as "wholly unmeritorious," he brought suit in Minnesota federal court alleging "essentially the same" claims as those contained in the motion to amend denied by the Texas federal court. *Id.* The Eighth Circuit affirmed the Minnesota district court's dismissal of the suit because "[i]f, upon dismissal of the complaint, the plaintiff seeks leave to file an amended complaint and such leave is denied with prejudice, the denial is res judicata as to any claim made by plaintiff in that amended complaint." *Id.* at 115.

The court in *Professional Management* relied on the statements in *Landscape Properties* and *King* that the denial of a motion to amend a complaint was "a final judgment on the merits" and "constitutes res judicata on the merits" before expressly stating for the first time that the

13

denial of a motion to amend a complaint is a final judgment on the merits "even when denial of leave to amend is based on reasons other than the merits, such as timeliness." 345 F.3d at 1032-33.[5] To support this new proposition, the court cited *Poe* and *Northern Assurance Co. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000). As noted above, however, *Poe* did not address whether the denial of a motion to amend is a final judgment on the merits. Moreover, *Northern Assurance* supports the opposite proposition, stating:

> Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate. When claim preclusion is applied in these cases, it is not the actual decision to deny leave to amend that forms the basis of the bar. *Indeed, the decision denying leave to amend is usually based on factors such as timeliness or convenience . . . and is not an adjudication "on the merits."* In fact, the actual decision denying leave to amend is irrelevant to the claim preclusion analysis. It may be a specific event upon which claim preclusion can focus, but the decision itself is not necessary for claim preclusion to apply.
>
> Instead, the bar is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event. The claims will be barred through the normal rule barring claims that should have been brought, regardless of whether the plaintiff seeks to add them to the initial suit. Thus, the actual decision denying leave to amend is no more than a proxy to signify at what point claims have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit. The bar, however, turns on normal principles of claim preclusion, i.e., whether [the plaintiff] was required to bring its claims in the initial suit.

*N. Assurance*, 201 F.3d at 88 (citations omitted) (emphasis added).

---

[5] In *Professional Management*, the Eighth Circuit reversed the denial of KPMG's request for sanctions and remanded for the imposition of sanctions because "the well-settled law of res judicata under the circumstances of [the case]" meant the plaintiff's second suit was frivolous under Rule 11. 345 F.3d at 1033. On remand, the Court noted that it "does not have the power, nor would it have the inclination, to second-guess the Eighth Circuit's opinion." *Prof'l Mgmt. Assocs., Inc. v. KPMG, LLP*, Civil No. 02-4112, 2004 U.S. Dist. LEXIS 6601, at *8 (D. Minn. Apr. 15, 2004); *see also United States v. Pepper*, 570 F.3d 958, 963 (8th Cir. 2009) ("Under the law of the case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms."). Here, however, the law of the case does not demand the imposition of sanctions. Because the Court concludes that Plaintiff has made a good faith argument for the reversal or modification of existing law, the Court declines to impose sanctions against Plaintiff.

Because Plaintiff has made a nonfrivolous argument for the modification or reversal of existing law, the Court determines that sanctions are not warranted. Accordingly, Defendants' motion for sanctions is denied.

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Docket No. 3] is GRANTED.

2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

3. Defendants' Motion for Sanctions [Docket No. 23] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
